**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ANTESHIA MORGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-530 (MTT)** |
| | ) | |
| **T47 INTERNATIONAL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

On November 12, 2026, Plaintiff Anteshia Morgan, proceeding pro se, filed her complaint against her former employer, T47 International. ECF 1. That same day, she moved to proceed *in forma pauperis* ("IFP"). ECF 2. For the following reasons, Plaintiff's motion to proceed IFP (ECF 2) is **GRANTED**. But Plaintiff's complaint lacks important factual allegations that Plaintiff may have omitted because of her pro se status. Thus, the Court **ORDERS** Plaintiff to amend the complaint by **December 14, 2026**.

## I. DISCUSSION

### A. Motion to Proceed IFP

28 U.S.C. § 1915(a) governs motions to proceed IFP. It provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.[1]

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

When considering a motion to proceed IFP filed under § 1915(a), “the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty.” *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation modified). A plaintiff is not required to show he is “absolutely destitute.” *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, “an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.” *Id.* “A court may not deny an IFP motion without first comparing the applicant’s assets and liabilities in order to determine whether he has satisfied the poverty requirement.” *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App’x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08).

However, § 1915(a) “should not be a broad highway into the federal courts.” *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Rather, it “conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship.” *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). District courts have “wide discretion” in deciding whether a plaintiff can proceed IFP, and “should grant the privilege sparingly,” especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

The Court has reviewed Plaintiff’s IFP affidavit. Plaintiff’s affidavit establishes that Plaintiff is emerging from a period of unemployment and financial distress and that she cannot pay the court fees without undue hardship. ECF 2. Thus, Plaintiff’s motion to proceed IFP (ECF 2) is **GRANTED**.

**B. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (citation modified). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Plaintiff is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

Plaintiff asserts claims under Title VII of the Civil Rights Act for unequal terms and conditions of employment, termination of employment, and retaliation. ECF 1 at 4. Plaintiff states that others with less experience “were hired into positions with higher pay and different job titles.” ECF 1-1 ¶ 2. Consequently, Plaintiff raised concerns about “unequal compensation, job classifications, and [her] assigned responsibilities,” and the next week, she was terminated. *Id.* ¶¶ 3–4. Plaintiff believes the termination was connected to her raising concerns. *Id.* ¶ 5.

While Plaintiff provides some factual allegations in her complaint, many important allegations are lacking such that the Court is unable to conduct a thorough frivolity review. *See* 28 U.S.C. § 1915(e)(2)(b) (stating that a court is required to dismiss a case brought by a pro se plaintiff if it (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief). It is not clear whether this deficiency is because of the manner in which the allegations have been pled, or whether they simply lack substance.

Title VII prohibits an employer from discriminating against an employee “because of [her] race, color, religion, sex, or national origin.” 42 U.S.C. § 2000e-2(a). Title VII also prohibits an employer from retaliating against an employee because the employee “opposed any practice made an unlawful employment practice by” Title VII. *Id.* § 2000e-3(a). “[T]o state a Title VII claim for discrimination, ‘a complaint need only provide enough factual matter (taken as true) to suggest intentional . . . discrimination’ based on a protected characteristic.” *Pearson v. FedSync*, 2026 WL 1802141, at *1 (11th Cir. June 23, 2026) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015)). Plaintiff does not identify a protected characteristic forming the basis of

Defendant's alleged discrimination, much less allege facts giving rise to an inference of intentional discrimination based on a protected characteristic. ECF 1 at 4; 1-1. Thus, Plaintiff has not stated a discrimination claim under Title VII. In addition, because Plaintiff does not plausibly allege that she reported discrimination concerns related to a protected characteristic, the complaint also fails to plausibly allege Plaintiff engaged in a protected activity as required for a retaliation claim. *See Pearson*, 2026 WL 1802141, at *2 (affirming dismissal where "[t]he protected activity [the plaintiff] alleged she engaged in was reporting discrimination committed against her, which she conceded was not because of a protected characteristic.").

However, given Plaintiff's pro se status, the Court will afford her an opportunity to amend the complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

For these reasons, Plaintiff is **ORDERED** to amend the complaint to include all facts that she wishes to make a part of these proceedings and cite the appropriate statutory or constitutional authority for bringing her claims. Plaintiff shall have until **December 14, 2026**, to file an amended complaint.

In the "statement of claims" section of the amended complaint, Plaintiff must link any claims she makes to the Defendant. If Plaintiff fails to link the Defendant to a claim, the claim will be dismissed.

Plaintiff must provide enough facts to plausibly demonstrate that the Defendant's actions or omissions resulted in the violation of her rights under a specific law. It is also

recommended that, when drafting the "statement of claims," Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of the Defendant:

(1) What did the Defendant do (or not do) to violate her rights?

(2) When did each action occur?

(3) How was Plaintiff injured as a result of the Defendant's actions?

The amended complaint will take the place of and supersede Plaintiff's original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847–48 (11th Cir. 2013). Plaintiff may not refer to, or incorporate by reference, a previous complaint. The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

After Plaintiff files an amended complaint, the Court will conduct a frivolity review and, if necessary, dismiss any claims pursuant to 28 U.S.C. § 1915(e)(2)(B). Defendant shall not be served until after the Court completes its frivolity review of the amended complaint.

**C. Fed. R. Civ. P. 11 Obligations**

The Court informs Plaintiff of her obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs Plaintiff's representations to the Court.

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or

> unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

**D. Artificial Intelligence**

Finally, the Court has seen a marked increase in the use of artificial intelligence (“AI”) by unrepresented parties, who may not understand fully their pleading obligations. It is common knowledge that AI can produce what have become known as hallucinations. This happens frequently in responses to legal-related prompts. AI often provides false legal citations and inaccurate summaries of legal authorities and principles. Courts have severely sanctioned lawyers and litigants who have included hallucinations in their filings. To assist Plaintiff in meeting her pleading obligations, the Court **ORDERS** the following:

**In all pleadings, including Plaintiff’s amended complaint, Plaintiff shall include a signed statement certifying that Plaintiff has verified the accuracy of all facts and all legal authorities cited and legal theories advanced in the pleading.**

**Failure to comply with this paragraph shall result in sanctions, including, if appropriate, dismissal of this lawsuit.**

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Plaintiff's motion to proceed IFP (ECF 2) is **GRANTED**, and Plaintiff is **ORDERED** to amend the complaint no later than **December 14, 2026**.

**SO ORDERED**, this 23rd day of November, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT